IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREVINO, J-93154, | |
| Plaintiff(s), | No. C 11-5622 CRB (PR) |
| v. | ORDER OF SERVICE |
| MICHAEL MARTEL, Warden, et al., | |
| Defendant(s). | |

Plaintiff, a Native American prisoner at San Quentin State Prison (SQSP), has filed a pro se First Amended Complaint (FAC) under 42 U.S.C. § 1983 seeking declaratory and monetary relief over the infringement of his right to practice his Native American religion. Plaintiff also claims retaliation, cruel and unusual punishment, and intentional discrimination based on his religion.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges that defendants have substantially burdened the practice of his Native American religion by denying him the use of tobacco in religious rituals and by disciplining him for possessing tobacco for religious purposes. Liberally construed, plaintiff's allegations appear to state cognizable § 1983 claims for violation of his First and Fourteenth Amendment rights to free exercise of religion and due process/equal protection. See, e.g., Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997) (prison officials may not burden the practice of prisoner's religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests). They also implicate RLUIPA, which provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

Plaintiff also alleges that defendants retaliated against him for filing grievances regarding the denial of tobacco in the exercise of his religion by locking the gate to the religious sweat lodge and transferring him to an undesirable part of the prison. He further alleges that defendants have subjected him to cruel and unusual punishment by intentionally placing him in inhumane living conditions (including exposure to mold) and by risking his safety by telling other inmates that the locking of the gate to the religious sweat lodge was plaintiff's fault. Liberally construed, these allegations state cognizable § 1983 claims for retaliation, cruel and unusual punishment, and discrimination based on religion, and, along with the cognizable claims recognized in the preceding paragraph, will be served on the named defendants.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the named defendants at SQSP: Warden Michael Martel, Associate Warden Mike Foss, Associate Warden Vincent S. Cullen, Lt. Hal Williams, Sgt. Van Blarcom, Sgt. Nollette and Correctional Officer E. Sanders Johnson. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

1    include as exhibits all records and incident reports stemming from the events at
2    issue. If defendants are of the opinion that this case cannot be resolved by
3    summary judgment or other dispositive motion, they shall so inform the court
4    prior to the date their motion is due. All papers filed with the court shall be
5    served promptly on plaintiff.
6             b.      Plaintiff's opposition to the dispositive motion shall be filed
7    with the court and served upon defendants no later than 30 days after defendants
8    serve plaintiff with the motion.
9             c.      Plaintiff is advised that a motion for summary judgment
10   under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
11   case. Rule 56 tells you what you must do in order to oppose a motion for
12   summary judgment. Generally, summary judgment must be granted when there
13   is no genuine issue of material fact--that is, if there is no real dispute about any
14   fact that would affect the result of your case, the party who asked for summary
15   judgment is entitled to judgment as a matter of law, which will end your case.
16   When a party you are suing makes a motion for summary judgment that is
17   properly supported by declarations (or other sworn testimony), you cannot simply
18   rely on what your complaint says. Instead, you must set out specific facts in
19   declarations, depositions, answers to interrogatories, or authenticated documents,
20   as provided in Rule 56(e), that contradicts the facts shown in the defendant's
21   declarations and documents and show that there is a genuine issue of material
22   fact for trial. If you do not submit your own evidence in opposition, summary
23   judgment, if appropriate, may be entered against you. If summary judgment is
24   granted, your case will be dismissed and there will be no trial. Rand v. Rowland,
25   154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).
26            Plaintiff is also advised that a motion to dismiss for failure to exhaust

4

1  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
2  case, albeit without prejudice.  You must "develop a record" and present it in
3  your opposition in order to dispute any "factual record" presented by the
4  defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
5  n.14 (9th Cir. 2003).
6        d.   Defendants shall file a reply brief within 15 days of the date
7  on which plaintiff serves them with the opposition.
8        e.   The motion shall be deemed submitted as of the date the
9  reply brief is due.  No hearing will be held on the motion unless the court so
10 orders at a later date.
11     3.   Discovery may be taken in accordance with the Federal Rules of
12 Civil Procedure.  No further court order is required before the parties may
13 conduct discovery.
14     4.   All communications by plaintiff with the court must be served on
15 defendants, or defendants' counsel once counsel has been designated, by mailing
16 a true copy of the document to defendants or defendants' counsel.
17     5.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must
18 keep the court and all parties informed of any change of address and must comply
19 with the court's orders in a timely fashion.  Failure to do so may result in the
20 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
21 SO ORDERED.
22 DATED:  Feb. 24, 2012
                                    CHARLES R. BREYER
23                                  United States District Judge

G:\PRO-SE\CRB\CR.11\Trevino, D.11-5622.serve.wpd

5